## BROWN v. WARING.

Evidence ; Mechanics' Liens.

1. In a suit to enforce a mechanics' lien, the burden is on the complainant to show by clear proof when the buildings were commenced, the nature and character of the work or materials furnished, and the date of the completion of the buildings ; and a failure to establish these facts, to a reasonable intent, will cause a failure to establish the claim to a lien.
2. Where a mechanics' lien law requires a notice of lien to be .filed within three months after the completion of the building against which the lien is sought to be enforced, the time of filing the notice will not date from the time of the putting in of fixtures, such as stoves, electric bells and gas fixtures, unless such fixtures are embraced in the contract for the construction of the building.

No. 97.    Submitted October 11, 1893.—Decided November 7, 1893.

Hearing on an appeal by the complainants from a decree of the Supreme Court of the District of Columbia, holding an equity term, dismissing a bill for the · enforcement of a mechanics' lien.    *Affirmed.*

The Court in its opinion stated the case as follows:

This is a bill filed by W. E. Brown & Co. against William Waring and others, for the enforcement of what is alleged to be or denominated as a mechanics' lien.    The claim is for a balance due on account for bricks furnished for the erection of three houses.    The bricks appear to have been furnished between the 6th of November and the 27th of December, 1889.    The houses are alleged by the defendants to have been completed in July or August, 1890, and the notice of the amount claimed, as the ground for lien, was not filed for record until the 3d of February, 1891.    In the meantime, between the date when it is alleged by the defendant that the houses were completed, and the date of filing the notice of claim for lien, the houses had been mortgaged or conveyed in trust, for amounts in the aggregate exceeding $33,000.

It also appears that there was a settlement of accounts between the parties furnishing the brick and the owner of the houses, on the 18th of January, 1890, and that there was then given to the plaintiffs a promissory note for the balance ascertained, of $1,000, at three months; and that this note was curtailed and renewed from time to time until October 25, 1890, when for the balance then due, of $300, a negotiable promissory note was given, at three months, which has not been paid. It is for that amount that the notice of claim has been filed for a lien on the houses.

*Messrs. Shepperd & Lavender* for the appellants.

*Mr. Samuel Maddox* for the appellees.

The CHIEF JUSTICE delivered the opinion of the Court:

Upon the case, as stated, three questions are presented:

1st. Whether the proof, as against the mortgagees or incumbrancers of the property, becoming such after the erection of the houses, and before the claim for lien was filed, is sufficient to establish the sale and delivery of the bricks as charged?

2d. Whether the notice of the lien claimed was filed for record within the time prescribed by the statute? and if so—

3d. Whether the taking of the promissory note on time, for the amount due, was not a waiver of the right to proceed for a lien?

1. With respect to the first of these questions, there is no doubt of the right of the mortgagees and others acquiring an interest in the property against which the lien is sought to be enforced, to require and insist upon strict proof of everything that is essential to maintain the lien. And in this case it may be questionable whether the proof of the sale and delivery of the exact quantity of bricks charged for, is sufficiently supplied by the plaintiffs. They did not produce any definite orders for the bricks, nor did they produce the books of original entries containing the charges for them, nor the person

who made the original entries or charges in the books. They seem to have relied principally upon a subsequent admission of Waring, the owner of the property, as to the correctness of an account rendered to him of the bricks furnished. Whether such admission be sufficient proof to support the lien as against third parties, may admit of serious doubt. But, in our view of this case, it is unnecessary to decide this question.

2. The more important question is as to the time of filing the notice of the lien. The printed record before us does not furnish clear and definite proof of the time when the notice of lien was filed. It is stated, however, in the brief of the appellants, that the notice was filed on the 3d of February, 1891, and that statement has not been controverted. The plaintiffs claim priority for their lien over all the mortgages or deeds of trust on the property, executed and recorded between the 3d of January, 1890, and the 20th of January, 1891. It is true, the property has been released from the lien, by order of court, upon bond or undertaking filed, which stands in the place of the lien. But the fact of the release does not dispense in any degree with the necessity of strict proof to maintain the validity of the lien; for upon that depends the right of the plaintiffs to recover the personal judgment, for the payment of which the bond or undertaking has been given and approved. The undertaking has been entered into by the parties holding the mortgage incumbrances upon the property; and the condition upon which they can be made liable on their undertaking is the showing by the plaintiffs that the lien is good and enforceable against the property. The burden is upon the plaintiffs to show by clear proof, when the buildings were commenced, the nature and character of the work and materials furnished and the time when the buildings were completed; and the failure to establish these facts, to a reasonable intent, will cause the plaintiffs to fail in their claim to a lien.  *Davis* v. *Alvord*, 94 U. S., 545.

By Section 2 of the act of Congress of July 2, 1884, it is provided that a party wishing to avail himself of the provi-

sions of the act, whether his claim be due or not, " shall file in the office of the clerk of the Supreme Court of the District of Columbia, during the construction, or *within three months after the completion of such building or repairs*, or the placing therein or adjacent thereto, of any engine, machinery, or other thing as aforesaid, a notice of his intention to hold a lien upon the property declared by this act liable to such lien for the amount due, or to become due to him, specifically setting forth the amount claimed."

In this case, Mr. Waring, for whom the houses were built, and who certainly knew his own plans and purposes in regard to them; Mr. Arms, a real estate broker, who is the trustee, and holds the deeds of trust upon the property, and who ought to be familiar with the houses, and to know whether they were finished or not; and Mr. Groff, a builder, who had worked upon the houses, all swear positively that the houses were finished or completed as early as July, 1890, and that they were offered for sale as completed houses in July, 1890.

There is no sufficient evidence in the case to countervail the testimony of these three witnesses. The stoves, gas fixtures and electric bells that were subsequently placed in the houses, and their relation thereto, are sufficiently explained; and they are shown to be things not essential to the completion of the buildings as such. The houses were built for sale; and the fixtures subsequently placed therein might well be left to be adapted to the tastes and notions of purchasers of the property. Moreover, there were obvious reasons for not putting in such fixtures while the buildings remained unoccupied. Besides, there is a clear distinction made by the statute between the building proper and things placed therein as fixtures. If a party thinks proper and for good reasons to defer the placing of fixtures in his building, it does not follow that his building is not complete in the sense of the mechanics' lien law; and the time for filing the notice of lien, grounded upon a claim for work or materials furnished in the erection of the building will not date from the time of putting in such fixtures, unless such fixtures be embraced in the con-

tract for the construction of the building. Any other construction of the statute would be liable to work injuriously to owners, by hindering and embarrassing the sale of property, while it would simply afford indulgence to unnecessary delay on the part of the mechanic or material man.

The few small changes and additions subsequently made about the houses, and the few slight repairs made necessary by exposure, and the want of care, and occupancy of the houses, "cannot be added to work done months before, so as to render the whole work one continuous performance, for which a single lien may be filed" within three months after the last change, addition or repair was made. *Davis* v. *Alvord, supra.*

3. The question as to the waiver of the lien by taking the promissory notes of the owner, need not be considered. In the view we have taken of the case it becomes quite unnecessary. We shall affirm the decree of the court below, dismissing the bill of the plaintiffs, with costs to the appellees.

*Affirmed.*