PARSONS v. MOSES et al.

(Supreme Court, Appellate Division, Second Department. April 25, 1899.)

1. MECHANIC'S LIEN—BOND.
   Giving of a bond to discharge property from a mechanic's lien is not an acknowledgment of the validity of the lien.
2. SAME—ESTOPPEL.
   Recital in the bond that the claimant had filed a notice of lien against certain persons, as owner and contractors, does not estop the sureties to dispute the validity of the lien.
3. SAME.
   Where, by reason of the owner conveying the property before filing notice of mechanic's lien, the lienor fails to establish a lien against the property, he cannot recover on a bond given to discharge the property from the lien, and conditioned for the payment of any judgment rendered against the property.

Appeal from judgment on report of referee.

Action by Frank H. Parsons, as receiver of William J. Fitzpatrick, against Charles H. Moses and others. Judgment for plaintiff, and defendants appeal. Reversed in part.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George C. Case, for appellants.
William P. Pickett, for respondent.

CULLEN, J. In 1890 William J. Fitzpatrick entered into a contract with the defendants Moses and Fanton to furnish the plumbing work on a number of houses in the city of Brooklyn, including the one on which the lien in suit was filed. The contract provided for payments to Fitzpatrick as the work progressed. Disputes arose between the contracting parties as to the performance of the work, and the right of Fitzpatrick to payments. On August 21, 1891, the defendants Moses and Fanton conveyed the property to Louis H. Myers. On August 26th, Fitzpatrick filed a notice of lien for the amount claimed to be due him against Louis H. Myers, as owner, and the defendants Moses and Fanton, as contractors. Fanton then applied to

the supreme court to fix the amount of a bond to be given, under
the mechanic's lien law of 1885 (chapter 342, § 24, subd. 6), for the' dis-
charge of the property from the lien.    In pursuance of an order·made
on that application, a bond was given by Fanton and the defendants
Dowling and one Rofrano, in the sum of $500, which recited that Fitz-
patrick had filed a notice wherein he claimed a lien against Myers,
Moses, and Fanton, named as owner and contractors, and was condi-
tioned for the payment of any judgment that might be rendered against
the property in any proceeding to enforce the lien.    Thereafter Fitz-
patrick brought this action against Moses and Fanton, and the sure-
ties on the bond, for the foreclosure and enforcement of his lien.    Sub-
sequently the plaintiff was substituted in the place of Fitzpatrick.
The referee reported in favor of the plaintiff against all of the defend-
ants, and from the judgment entered on his report this appeal is
taken.

On .the trial of the action there was a sharp controversy as to
whether the plaintiff's assignor had abandoned his work, or whether
the defendants Moses and Fanton had made default in the payments to
be made by them.    All that it is necessary to say on the subject is
that the case presents an irreconcilable conflict of testimony on these
questions, without any such marked preponderance on either side as
to require this court to interfere with the finding of the referee.    The
judgment, therefore, against Moses and Fanton, must be affirmed.

But the case against the bondsmen presents another question.    The
notice of lien filed was against Myers, as owner, and Moses and Fanton,
as contractors.    If the conveyance from the latter to the former was
made with intent to defraud the claimant of his lien, it was undoubt-
edly void, and the plaintiff could enforce his lien against the property
despite the conveyance.    But there is no proof in the case that the
conveyance to Myers was fraudulent, and the referee has made no find-
ing to that effect.    The counsel for the respondent, in his brief, as-
serts that the consideration recited was one dollar, and other valuable
considerations; but this fact does not appear in the record before us.
The liability of the bondsmen was conditioned on the plaintiff success-
fully establishing a lien on the property.    This is so, both by the lan-
guage of the bond, and the terms of the section of the statute under
which it was given.    The respondents argue that by giving the bond
the sureties are estopped from denying the validity of the lien.    Sure-
ly, this claim is not seriously urged as broadly as it is stated.    The
very object of the provision of the statute permitting the bonding of
the property when a notice of lien has been filed is to enable the owner
or contractor to free the property from the incumbrance without ac-
knowledging its validity, and to permit him to contest in a subsequent
action the existence and amount of the lien.    Nor is there anything in
the recitals of the bond to estop the sureties.    The recital is that the
claimant had filed a notice of lien against Myers, Moses, and Fanton,
as owner and contractors.    This recital is in accordance with the fact.
As the plaintiff failed to prove a valid lien on the property, he did
not establish the existence of the condition necessary to . make the
liability of the sureties accrue.    The judgment against the bondsmen
must therefore be reversed.

As the question has been discussed on this appeal, and will arise on a new trial, it is proper that we should say that, in our opinion, the plaintiff may attack the conveyance to Myers, although Myers is not a party to this action. It is unnecessary to consider whether an objection taken in the first instance, by answer or demurrer, to the absence of Myers, would have been good. No such objection was taken. Myers is not a party to the bond, and no attempt is made to enforce the lien against his property. He is not interested in the litigation, and his presence is therefore not necessary to enable the court to make the complete disposition of the controversy before it.

The judgment as to the appellants Moses and Fanton should be affirmed, with costs. The judgment against the appellants Dowling and Rofrano's administrators should be reversed, and a new trial granted before a new referee, to be appointed at special term; costs to abide the event. All concur.