## CHAMBERLIN METAL WEATHER STRIP CO., Inc., v. KARRICK et al.

### No. 5205.

Court of Appeals of the District of Columbia.
Argued Oct. 14, 1931.
Opinion Nov. 9, 1931.

E. R. Kelly, B. L. Grove, Jr., and Charles E. Ford, all of Washington, D. C., for appellant.

W. C. Sullivan, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal from a final decree of the Supreme Court of the District of Columbia dismissing, after hearing, a bill to enforce a mechanic's lien.

While the decree is silent as to the cause of dismissal, the statement of evidence says the trial justice announced the sole ground to be that the notice of lien did not comply with the statute in stating the name of the party against whose interest the lien was claimed.

While other questions which arose at the trial are indirectly assigned as error, they are not treated extensively in the briefs, and, if the trial court was right in its ruling on the notice of lien, the other questions become unimportant.

On June 30, 1927, John J. McInerney was the owner of lots 18 and 19 in square 2069, with an apartment house thereon numbered 3446 Connecticut avenue, subject to an incumbrance of $130,000.

On that day he conveyed this property, so incumbered, to Frederick Rieder in return for Rieder's notes for $67,500 secured by a second trust thereon, together with other considerations.

July 26, 1927, Rieder contracted with appellant for $950 worth of weather stripping to be installed in the house, $922 worth of which was completed September 15, 1927, the situation as to the remainder being immaterial in this statement.

November 21, 1927, Rieder, having defaulted in interest, reconveyed the property to John J. McInerney, who held the title, as incumbered, until March 30, 1928.

During this latter period, and on December 20, 1927, Rieder not having paid appellant for the weather stripping, the appellant company filed a notice of intention to hold a mechanic's lien against Rieder's interest in the property, as owner.

This notice, in accordance with the practice, was recorded in the office of the clerk of the Supreme Court of the District of Columbia, entitled Chamberlin Metal Weather Strip Co., Inc., Claimant, v. Frederick Rieder, Owner, and indexed under those two names.

March 30, 1928, John J. McInerney conveyed the property to Charles Hunt, who, with his wife, conveyed it the next day to James L. Karrick after some adjustment of the trusts thereon, the details of which are of no importance here.

From the foregoing statement it becomes apparent that the question for decision is whether the notice of a lien giving Rieder as the owner at a time when he was not the owner was such a noncompliance with the statute as to deprive appellant of its benefits. The trial court decided it was, and with that decision we agree.

While the purpose of mechanics' lien laws is to protect by the property those who contribute to its value by labor or materials, it is only by compliance with statutory requirements that this can be accomplished and confusion avoided.

This court has said: "The rule is well settled that a compliance with the statutory requirements is necessary in order to secure a valid and enforceable lien." Fidelity Storage Corp. v. Trussed Concrete Steel Co., 35 App. D. C. 12, 20 Ann. Cas. 1157; Lambie Co. v. Bigelow, 34 App. D. C. 49.

And in an earlier case under an earlier statute, speaking through Chief Justice Alvey: "The proceeding to fix and enforce the lien is in its nature a proceeding in rem; and one of the great objects of the law is to furnish to all concerned and interested in the property, record notice of the extent of the claim and the intention to enforce a specific lien therefor." Lefler v. Forsberg, 1 App. D. C. 41.

What record notice to all concerned was furnished in this case?

Code D. C. title 25, chapter 11, sections 351 and 352, authorizes mechanics' liens against at least three estates in lands capable of ownership: A fee or a less estate; a lease for years; and possession under a contract of sale—provided a notice be filed specifically setting forth the amount claimed, the name of the party against whose interest the lien is claimed, and a description of the property to be charged.

When we consider these sections together, the conclusion is inescapable that all persons

concerned or interested in the estate are to be at least constructively notified of the interest in the property and the name against which the lien is claimed.

In this case they were notified by the records that the owner's interest was involved, but the owner was erroneously named as Frederick Rieder.

Plainly the owner's interest was intended to be reached, but, by stating the ownership to be in Rieder on December 20, 1927, no notice was given to McInerney who had already acquired the property without notice of lien against it.

As interests less than the fee are subjected to lien by the Code, liens are carried and indexed in the records by names of parties instead of by descriptions of property.

If Hunt or Karrick had consulted the records for discovery of liens against the fee, they would have looked for one in Rieder's name during the period of his ownership between July 30 and November 21, 1927, and found none, in McInerney's name from November 21 or 26, 1927, to March 30, 1928, and found none; so the notice as filed was notice to no one. Fidelity Storage Corp. v. Trussed Concrete Steel Co., supra.

The decree of the trial court being right in respect of the insufficiency of the notice of lien, the other questions need not be decided, and the decree is affirmed, with costs. Affirmed.

Mr. Justice ROBB took no part in the consideration or decision of this case.