**HARTFORD ACCIDENT AND INDEM-NITY COMPANY, Appellant,**

v.

**A.B.C. CLEANING CONTRACTORS, INC., Appellee.**

**No. 18607.**

United States Court of Appeals District of Columbia Circuit.

Argued April 1, 1965.

Decided Aug. 9, 1965.

Mr. Kahl K. Spriggs, Washington, D. C., with whom Mr. John F. Myers, Washington, D. C., was on the brief, for appellant.

Mr. Charles Jay Pilzer, Washington, D. C., with whom Mr. George J. Hughes, Washington, D. C., was on the brief, for appellee.

Before DANAHER, BURGER and MCGOWAN, Circuit Judges.

DANAHER, Circuit Judge:

The appellee instituted its action in the District Court "To Enforce Mechanic's Lien" against Nassau Management Company, Inc. and Tracy Roosevelt Corporation. It later filed an amended complaint adding the appellant as a party. In two counts appellee alleged it had entered into two contracts with Nassau for sandblasting portions of the Hotel Roosevelt "reputed to be owned by the defendant Tracy Roosevelt Corporation." Nassau was alleged to be the duly authorized agent of Tracy Roosevelt Corporation. After receiving payments of only $8,750, leaving a substantial balance owing on the first contract, no payment having been made on the second contract, the appellee filed two mechanic's liens "against the interest of Tracy Roosevelt Corporation" in the Hotel Roosevelt premises. Under circumstances to be mentioned, Nassau and Tracy Roosevelt having defaulted, the District Court entered judgment against the appellant surety in favor of the appellee to recover $5,850 together with interest and costs from February 27, 1957. This appeal followed.

Shortly after notice of intention to file the mechanic's liens had been given to Tracy Roosevelt by registered mail, Tracy Roosevelt as principal and the appellant as surety entered into and filed a "Mechanic's Lien Undertaking." The instrument in part recited that the "above-named Tracy Roosevelt Corporation, owner" and the appellant "under-

take * * * that they will pay and satisfy any judgment that may be recovered in any suit * * * that may be instituted on, or to enforce the above-entitled mechanic's lien."

Appellant insists that the District Court erred in granting judgment [1] against it in that its undertaking merely had been substituted for whatever rights the appellee might have had to foreclose a mechanic's lien against the interest of Tracy Roosevelt Corporation in the property known as the Roosevelt Hotel. It was urged at trial and is argued here that the appellee had not proved that Tracy Roosevelt Corporation ever had any "interest" in the property purportedly subject to lien. Thus, if the property could not have been held to respond to the appellee's claim of lien, the appellee had gained no greater rights from the undertaking. It was stipulated in the District Court between counsel for the respective parties hereto that the land records of the District of Columbia disclosed "no leases or other instruments of record in the names of either Nassau Management Company, Inc. or Tracy Roosevelt Corporation, and that William Newman, Jack Salvage, and Jack Freeman were record title owners of the above-described property at all times pertinent to the dispute in this case * * *."

The District Judge noted that the mechanic's lien undertaking had been entered into between "Tracy Roosevelt Corporation, owner, and Hartford Accident and Indemnity Company, surety," and that the parties had undertaken "for themselves, and each of them" to pay and satisfy *any judgment* that may be recovered in any suit "to enforce the above-entitled mechanic's lien." He concluded that although the default judgment entered against Nassau and Tracy Roosevelt "did not constitute an adjudication that the lien should be foreclosed," [2] nevertheless the "judgment" against Tracy Roosevelt had flowed from a suit "instituted on, and to enforce the mechanic's lien."

The judge therefore ruled, in effect, that the surety may be held liable on its undertaking [3] even though the appellee had secured no more than a personal judgment against Tracy Roosevelt Corporation and even though it was not shown that the latter had *ever* owned any interest in the property. But the default judgment had expressly reserved a ruling with respect to the validity of the mechanic's lien. In making that reservation, the motions judge undoubtedly had in mind that a prerequisite to ultimate liability of the surety on the undertaking [4] involved an *establishment* on the

---

1. It was stipulated that the appellee had performed work, labor and services "under contract with the other two Defendants" on account of which there was an outstanding balance to the appellee of $5,850 plus interest and costs. Neither Nassau Management Co., Inc. nor Tracy Roosevelt Corporation is before this court. A "personal judgment" had been entered by default for the appellee to recover $8,850 plus interest and costs from February 26, 1957, "against the defendant Tracy Roosevelt Corporation." That judgment expressly reserved "any ruling regarding the establishment or enforcement of a mechanic's lien against the property involved in this case, said matter being left open for future decision of this Court."

2. See D.C.Code §§ 38–110, 111 (1961).

3. D.C.Code § 38–118 (1961) provides in relevant part:
   "In any suit *to enforce a lien* hereunder, the *owner of the building and premises to which such lien may have attached* * * * may file a written undertaking * * * to the effect that he and they will pay the judgment that may be recovered * * *." (Emphasis added.)

4. D.C.Code § 38–119 (1961) provides in part:
   "Such an undertaking, [*supra* note 3, as here, may be offered before suit] in order to discharge the property from existing liens, in which case notice shall be given as aforesaid to the parties whose liens it is sought to have discharged [the undertaking being] to the effect that the owner and his said sureties will pay any judgment * * * in any suit * * * for the enforcement of said lien."

record that Tracy Roosevelt Corporation had some interest in the Roosevelt Hotel which might have been made subject to a mechanic's lien.[5]

D.C.Code § 38–102 (1961) provides that a valid notice of mechanic's lien must include (1) the amount claimed, (2) the name of the party against whose interest the lien is claimed and (3) a description of the property to be charged. On its face, the "notice of lien" in this case purportedly complied with those requirements. We have held however, that where a lienor has named as the alleged owner one who has no interest in the property or the lienor has named the wrong person as purported owner, the notice is fatally insufficient.[6] Surely it may not successfully be maintained that a contractor may gain a valid lien against the true owner of property by filing notice of lien against one who has *no* interest whatever in the property named.

It is the theory of our mechanic's lien law that an undertaking, when approved by the court as was the case here, becomes a substitute[7] for that interest in the premises which was "subject to a lien." The Code provides that enforcement of the lien proceeds by a bill in equity, and the burden of proof rests upon the complainant. Indeed, the Code expressly provides:

> "If the *right of the complainant* * * * to the lien * * * *shall be established,* the court shall decree a sale of the land and premises or the estate and interest therein of the person who, as owner, contracted [for the work done]." (Emphasis added.)[8]

*That* judgment which establishes a right to a lien upon the interest "subject to lien"[9] is *the* judgment which is secured by the undertaking. The instrument here in suit did not include a liability upon the surety to respond at all events simply because the appellee secured a personal judgment that Tracy Roosevelt was indebted to the appellee. The surety's "obligation is confined to the purpose of the statute."[10] The trial judge erred in resting his decision on the default judgment rendered against Tracy Roosevelt Corporation.

But after reference to the default judgment against Tracy Roosevelt as one basis for his decision, the District Judge also said:

> "The second string to my bow is that if I am in error on that, plaintiff is entitled to judgment because, in my opinion, the defendant surety company is estopped from denying that the Tracy Roosevelt Corporation is the owner."

We are thus brought to consideration of the estoppel ground for the judgment. The trier's findings include none of the elements[11] upon which a conclusion of estoppel might rest, indeed there seems to have been no proof offered in support of the theory. We can not

---

5.  Property "subject to" a mechanic's lien "to the extent of the right, title, and interest, at that time existing, of such owner" is referred to in D.C.Code § 38–101 (1961).

6.  Chamberlin Metal Weather Strip Co. v. Karrick, 60 App.D.C. 316, 53 F.2d 928 (1931).

7.  Anglo-American Assn. v. Campbell, 13 App.D.C. 581, 607, 608 (1898); cf. Jungbert v. Marrett, 313 Ky. 338, 231 S.W.2d 84 (1950).

8.  D.C.Code § 38–111 (1961); see Brown v. Waring, 1 App.D.C. 378, 380 (1893).

9.  The stipulation of the parties which identified the three record title owners of the premises further disclosed that there were no leases or other instruments of record in the names of Nassau or Tracy Roosevelt Corporation. The individual owners had not been named in the notice of lien or shown otherwise to have had any connection with the contracts or with the parties heretofore mentioned. There was nothing before the trial court to show the existence of a valid lien "against the interest of Tracy Roosevelt Corporation" as "owner" or otherwise.

10. Anglo-American Assn. v. Campbell, *supra* note 7, 13 App.D.C. at 608.

11. As adopted by this court, see Parker v. Sager, 85 U.S.App.D.C. 4, 8, 174 F.2d 657, 661 (1949).

possibly accept this predicate [12] on the record before us.

Yet in reversing, we will not order judgment for the appellant. We think we sense what the trier had in mind. He knew, of course, that the statute made the action equitable in nature. Before him was a surety seeking to be excused from liability. The pleadings disclosed that the surety had caused Tracy Roosevelt to execute an indemnity agreement to save the surety harmless. The surety had not exhibited of record the Tracy Roosevelt application for the undertaking, so that whatever representations had been made by Tracy Roosevelt were not available. Certainly the judge could reason that on the basis of Tracy Roosevelt's activities and the fact that as principal, it had paid a premium for the undertaking, it must have had some interest in the premises and in the Hotel Roosevelt. Perhaps Tracy Roosevelt at all times pertinent had been party to an agreement to buy the Hotel Roosevelt property and had thus acquired an interest.[13] Tracy Roosevelt or its agent Nassau had made payments of some $8,750 on account of work performed by the appellee, and the latter by the default judgment had shown itself to be a creditor as to the unpaid balances long since due, with interest and costs.

Certainly with the foregoing in mind, the mere showing by the appellant of the negative subject matter of the stipulation as to record title was insufficient to constitute a satisfactory explanation of the situation. This appellant as surety had participated with Tracy Roosevelt in freeing the purportedly liened premises from the appellee's asserted lien claim. Since to that end court approval of the undertaking had been procured, the trial judge might have thought that this case called for the surety's more complete exhibition of the circumstances producing that result. We will not say the judge unreasonably expected that all the "equities" should be exhibited in their true light.

Of course the ultimate burden of proof would and still does devolve upon the contractor, appellee here, but it seems clear the District Court will assay the respective rights of the parties upon the record as a whole, after full and frank disclosure.

Reversed.

McGOWAN, Circuit Judge (concurring):

I concur in the result reached by Judge Danaher and in his treatment of the two grounds relied upon by the District Court, but I think it important to add a word regarding what I conceive to be appellant's responsibility in the hearing to be held following our remand.

The fact that Tracy Roosevelt Corporation felt impelled to come forward to head off an impending lien on the Roosevelt Hotel, describing itself (as had the notice of lien) as "owner" and presumably paying a premium to appellant and giving it some security against ultimate liability on the bond, is strongly suggestive of an interest of some kind on its part in that piece of realty. It may not have been the record owner, but that by no means precludes its having an interest that will support a mechanic's lien. Thus, I do not think that the stipulated negation of record ownership was adequate by itself to satisfy appellant's burden of coming forward with an explanation of why it once signed and filed a bond characterizing Tracy Roosevelt Corporation as "owner," but now claims flatly that there is no indication that the latter had any interest of any kind.[1] Ap-

12. Nor will we assume that the judge derived "estoppel" from the mere fact that the undertaking had been offered and filed. Cf. Parsons v. Moses, 40 App.Div. 58, 57 N.Y.S. 727 (1899).

13. Cf. Fidelity Storage Corp. v. Trussed Concrete Steel Co., 35 App.D.C. 1, 12

(1910), appeal dismissed 225 U.S. 716, 32 S.Ct. 836, 56 L.Ed. 1270 (1912).

1. Although the proof normally associated with estoppel has not been forthcoming, I do note that the bond was filed May 16, 1957, and that it was not, as I read the record, until the hearing on its mo-

pellant may, of course, be able to adduce a satisfactory explanation that will rebut the presumption, or prima facie showing, of lienable interest which I think arises in the special circumstances of this case. If it does, the ultimate burden will remain on appellee to establish that Tracy Roosevelt had an interest to which its lien could have attached in the absence of a bond.

tion for default judgment on June 15, 1962, that appellee was fully placed on notice of appellant's contention that Tracy Roosevelt Corporation was devoid of any interest in the property. Until that latter date, appellee was certainly entitled to feel that, if it could establish the debt owing to it, it would be assured of payment. The fact and exact amount of that debt were later stipulated by appellant and appellee.