## REDDING & COMPANY, INC.

### v.

### RUSSWINE CONSTRUCTION CORPORATION, Appellant.

### No. 22593.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 3, 1971.

Decided March 28, 1972.

---

See also 135 U.S.App.D.C. 153, 417 F.2d 721.

Mr. Louis P. Robbins, Washington, D. C., with whom Mr. Arnold L. Yochelson, Washington, D. C., was on the brief, for appellant.

Mr. Mark P. Friedlander, Washington, D. C., for appellee. Mr. Mark P. Friedlander, Jr., Washington, D. C., was on the brief for appellee.

Before McGOWAN and TAMM, Circuit Judges, and A. SHERMAN CHRISTENSEN,* U. S. Senior District Judge for the District of Utah.

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1970).

1. No. 21,564, Russwine Construction Corp. v. Redding & Co., Inc. (D.C.Cir. filed Jan. 9, 1968).

CHRISTENSEN, Senior District Judge:

This appeal in a suit to foreclose a mechanic's lien involves the propriety of a summary money judgment against a defendant who had failed to comply with an interim order of the district court and whose pleadings had been stricken and default entered, and the effect of subsequent determination among the remaining defendants that the amount secured by the lien was substantially less than the money judgment theretofore entered against the defaulted defendant. Some unravelling of the procedural tangle out of which this problem emerges seems necessary.

On or about September 2, 1965, the appellee, Redding & Company, Inc., hereinafter Redding, filed notice of intention to hold a mechanic's lien against an office building in northwest Washington. Appellant, The Russwine Construction Corporation, hereinafter Russwine, had been the prime contractor, Redding its subcontractor. Thereafter, Redding timely filed a complaint against the owners of the fee, the owners of a 99-year leasehold interest, certain trustees under deeds of trust, and Russwine, seeking enforcement of its lien. Whether the complaint also sought personal judgment against Russwine as the prime contractor is disputed.

During the course of preliminary proceedings the district court recognized that Russwine had drawn down money from the construction lender through false representations that its prime contract was 100% completed. Russwine was ordered by the court to deposit the sum of $24,699.80 into the registry to await further action. This Russwine failed to do; instead it perfected an interlocutory appeal to this court[1] and also filed here a petition for a writ of mandamus or in the alternative a writ of prohibition.[2] The appeal was dis-

---

2. No. 21,593, Russwine Construction Corporation v. Leonard P. Walsh, U.S. Judge for the District of Columbia—Redding and Company, Inc., intervenor (D.C.Cir. filed Jan. 19, 1968).

missed and the petition denied by this court. In a memorandum it was noted that the money ordered deposited was obtained through misrepresentation, that this itself was a ground for refusal of a writ and that in any event it was within the district court's jurisdiction to enter such an order.[3] Upon Russwine's continued failure to comply, Redding filed a motion to strike Russwine's pleadings and to enter judgment for itself. The district court on January 31, 1968, ordered that Russwine's answer be stricken, that its counterclaim be dismissed, and that its default be entered. Several months later Redding renewed its motion for judgment on the pleadings or for summary judgment. By order dated June 28, 1968, such summary judgment, in the absence of any issue between the parties on the record in view of the stricken pleadings, was granted for the amount claimed in the complaint, $62,184.70, with interest and costs (without reference to the claimed lien against the property). This judgment was certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and the district court further ordered that execution be stayed upon filing of a supersedeas bond. Russwine furnished no bond but filed in this court a timely petition for leave to appeal from the interlocutory order claiming that the impropriety of entering and enforcing a personal judgment by default prior to final adjudication of all lien claims warranted

interlocutory review. The petition was denied.[4]

In September, 1968, Redding instituted attachment proceedings to satisfy its judgment against Russwine. The latter again petitioned this court for the issuance of a writ of mandamus or prohibition.[5] Such petition was denied by order dated October 18, 1968, which observed that "no judgment has yet been entered in this case upon which execution may be made. . . ."[6]

In the meantime, Russwine had filed in the district court a motion for stay of execution on the judgment pending disposition of the petition for writ of mandamus or prohibition which was held under advisement by the district court until this court ruled. The district court subsequently denied the motion for stay. Russwine filed a motion for reconsideration of this denial and expressly requested the court below to consider the language, quoted in the margin, from the October 18, 1968, order of this court. Alternatively, appellant requested the district court to certify its order denying a stay under Rule 52(b) (sic).[7] The motion was opposed by Redding and summarily denied by the district court without argument or opinion, whereupon this appeal and a petition for mandamus[8] with particular reference to the question of the stay were filed. The present appeal will be treated as being from a final order involving the validity of the summary judgment despite the

3. No. 21,564 & No. 21,593, United States Court of Appeals for the District of Columbia Circuit, Memorandum, April 18, 1968 (unpublished).

4. No. Misc. 3306, Russwine Construction Corporation v. Redding & Company, Inc. (D.C.Cir. Aug. 19, 1968).

5. No. 22,301, Russwine Construction Corporation v. Edward M. Curran, Chief Judge, United States District Court for the District of Columbia (D.C.Cir. filed Sept. 19, 1968).

6. "[T]he District Court's order . . . does not contain an express determination under Fed.R.Civ.P. 52(b) that there

is no just reason for delay or an express direction for the entry of judgment; and it appearing that all parties including the judge below treated the order . . . as an interlocutory order for purposes of review by this Court. . . . Ordered by the Court that the aforesaid petition be denied without prejudice to a direct appeal from a final judgment raising the issues presented to this court by this petition."

7. An obvious typographical error, as the reference should have been, and was no doubt intended to be, to Rule 54(b).

8. No. 22,584, Russwine Construction Corporation v. Curran, Chief Judge.

record indication that it was directed primarily, if not exclusively, to the refusal of the district court to stay execution [9] which has now become moot.[10]

The case against the other defendants, including the owner of the 99-year leasehold interest, went forward for trial. Findings of fact and conclusions of law were made by the trial court and a mechanic's lien recognized, subject to a determination of amounts by an auditor consistent with the findings of the trial court.[11]

Prior to hearing by the auditor, a consent judgment was entered by the court on May 1, 1970, fixing the amount of Redding's mechanic's lien against the 99-year leasehold interest at $33,000. This amount according to appellee's brief has been paid to it. Redding also has conceded that Russwine is entitled to credit for this payment as against the judgment under review.

The issues of the case between the other parties having been decided and the much agitated questions of execution having become moot according to its concession during oral argument, Russwine now stands upon the single contention that the order of the district court granting summary money judgment against it was invalid.

Particularly it is argued that judgment was improperly entered on default before the complete adjudication of the lien action, and that recovery against it in any event should be limited to the amount finally determined as a lien against the interests of the other defendants. Reliance is placed primarily upon Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872).[12]

---

9. The only notice of appeal in the record before us refers to "the order dated the 7th day of November, 1968, denying defendant's motion to stay execution of judgment previously entered" and to "defendant's motion for reconsideration of the aforesaid order." At that time final judgment had not been entered on the lien claim against the other defendants and presumably the appellant assumed that in its appeal from the denial of the stay it could raise the claimed invalidity of the judgment itself. Since this problem of appellate jurisdiction was not raised by appellee nor noted by us until after argument here, and because the apparent intent of these proceedings has been to test the validity of the summary judgment, we feel constrained to rule upon the merits of this claim.

10. In its brief appellant argued that assuming arguendo the summary judgment to have been valid, appellee was precluded from executing thereupon unless and until the requirements of Rule 54(b) Fed.R. Civ.P., or 16 D.C.Code § 501 (1967) were met. In view of the consent judgment entered against the other parties, appellant at the oral argument stated that this latter contention would not be pressed, reliance being based wholly upon its position that the summary judgment was invalid.

11. In connection with Judge Holtzoff's findings filed May 21, 1969, it is recited:

"It appearing to the Court that a judgment was heretofore entered on the 28th day of June, 1968, in this case in favor of the plaintiff against the defendant Russwine Construction Corporation, in the sum of $62,184.70 with interest to July 27, 1965 and costs of the action. . . ." But a provision "affirming" this judgment was stricken out by Judge Holtzoff. Judge Holtzoff's order continued: "That the plaintiff is entitled to the sum of $24,441.70 with interest from July 27, 1965 for work and labor . . . and said plaintiff is entitled to enforce its mechanic's lien for said sum subject to further adjustments as provided hereafter against the 99-year leasehold interest of defendants Russell P. Wine, Bernard S. Glassmann and Robert B. Weiss." It was further adjudged that the plaintiff was also entitled to enforce its mechanic's lien on said premises for specified extras, less various adjustments by reason of the claimed inadequacy of the contractors' performance. And, it was ordered that the defendants Russell P. Wine, Bernard S. Glassmann and Robert B. Weiss, should take nothing on various counterclaims they had interposed. Relief against the owner of the fee was denied.

12. *Frow* involved a bill in equity to restrain defendants from claiming title to certain lands because of an alleged fraudulent conspiracy. It was there held that a final

Whether the doctrine of *Frow* upon its facts would have continuing validity despite the intervention of the Rules of Civil Procedure and related modern procedural concepts need not be explored here. That action and the case at bar are essentially different in nature and posture. Redding's claim against Russwine was *ex-contractu* and went beyond the foreclosure of lien interests as against the other parties. The liability of Russwine was not dependent upon final adjudication of those claimed lien interests. While with respect to the lien foreclosure aspects of a suit to foreclose a mechanic's lien the D.C.Code contemplates the possibility of deficiency judgments against those primarily liable,[13] the action as one in equity [14] does not compel initial recourse to the property nor establish such recourse in the first instance as part of any exclusive remedy against a general contractor on the part of a subcontractor.[15] Accordingly, we reject appellant's argument that the doctrine of *Frow* precluded entry of judgment against it prior to the final determination of the case against the other defendants. We also find no merit in appellant's related contention that since the suit was one to foreclose a lien against real property no judgment could lawfully be entered against any party except for a deficiency after foreclosure.[16]

We hold that the personal judgment against Russwine, being supported contrary to Russwine's contention

decree on the merits could not be made separately against one of several defendants upon a joint charge against all where the case was still pending as to the others:

"The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. . . . He [the defaulted party] can adduce no evidence; he cannot be heard at the final hearing. But if the suit should be decided against the complaint on the merits, the bill will be dismissed as to all the defendants alike. . . . If it be decided in the complainant's favor, he will then be entitled to a final decree against all." 82 U.S. at 554.

13. Section 38–122 of the District of Columbia Code provides:

"In any suit brought to enforce a lien by virtue of the provisions aforesaid, if the proceeds of the property affected thereby shall be insufficient to satisfy such a lien, a personal judgment for the deficiency may be given in favor of the lien or against the owner of the premises or the original contractor, as the case may be, whichever contracted with him for the labor or materials furnished by him, provided such person be a party to the suit and shall have been personally served with process therein."

14. Section 38–110:

"The proceeding to enforce the lien hereby given shall be a bill in equity . . . If such suit be brought by any person entitled, other than the principal contractor, the latter shall be made a party defendant, as well as all other persons who may have filed notices of liens, as aforesaid. . . . "

15. Enforcement of a mechanic's lien is not the exclusive remedy in regard to the obligation which such lien secures. The enforcement of the lien is a cumulative remedy provided by statute, and an incidental accompaniment of the contract, and may be pursued in connection with ordinary remedies. 53 Am.Jur.2d, Mechanic's Liens § 340, 864–65 (1970). As observed by this court in another connection when the parties were before us on Russwine's application for a writ: "Mechanic's liens are purely creatures of statute, not existing at common law. But the fact that they are rights unknown to the common law does not require that courts, in dealing with them, lay aside traditional powers and functions. . . . '[A] remedy is not exclusive merely because it is statutory' [citing authority]. A court exercising its equity jurisdiction, may assure that a plaintiff's remedy is complete, practical and efficient." No. 21,564 and No. 21,593, United States Court of Appeals for the District of Columbia Circuit, Memorandum, April 19, 1968 (unpublished) *supra*. *See also* FTC v. Millers' Nat'l. Fed'n., 57 App.D.C. 360, 23 F.2d 968, cert. denied, 274 U.S. 743, 47 S.Ct. 588, 71 L.Ed. 1321 (1927).

16. Various jurisdictions expressly provide by statute that with reference to the foreclosure of mortgages there can be but one form of action, which contemplates recourse to the security before any personal

by the allegations of the complaint,[17] not being dependent upon the security or extent of any lien, being premised upon a clear violation of a significant court order and the entry of an unquestioned default,[18] being within the court's jurisdiction, and not being arbitrary or capricious under the circumstances, was and is valid. The fact that the subsequent judgment foreclosing Redding's lien against the owners of the leasehold interest was in a lesser amount did not automatically reopen or invalidate Redding's judgment against Russwine, any more than did the fact that no lien at all was recognized in the final judgment as against the owner of the fee.[19]

The remaining parties in agreeing to the final consent judgment could have taken cognizance of the summary judgment against the prime contract despite the failure of Judge Holtzoff to "affirm it." Its effect upon any give and take of negotiations may not be known. But the fact remains that the summary judgment against Russwine is not necessarily inconsistent with the consent judgment; the latter simply determined in last analysis what part of the obligation theretofore adjudged against the prime contractor Redding was secured by a lien on real property as against other parties.

Russwine in its brief says: "A mere recital of the aspects previously before this Court reflects a welter of confusion. What began as an orderly suit to foreclose a mechanic's lien has become a legal monster." If, indeed, a procedural monster has been created this was accomplished largely through appellant's numerous futile actions attempting to sustain with impunity its intransigent refusal to comply with the lower court's deposit order. Yet not a Frankenstein but equity as well as procedural essentials have turned against appellant.

Affirmed.

to the plaintiff the sum of $192,999.80; that Russwine paid plaintiff $168,300; and that a balance of $24,699.80 was still unpaid to plaintiff on the construction subcontract. In addition plaintiff alleged that it had incurred certain extra expenses not provided for under the terms of the original contract. It was alleged in substance that $37,484.90 was the fair and reasonable value of this extra labor and material and was then due and owing to the plaintiff from the defendant Russwine.

judgment can be entered. 55 Am.Jur.2d, Mortgages § 538, 519 (1971). There is no such provision limiting the foreclosure of mechanics' liens in this jurisdiction and we decline to follow cases constructing an analogous rule as to mechanics' liens.

17. It is true that the complaint below was denominated "Complaint to Enforce Mechanics's Lien" and it was recited that the jurisdiction of the court was founded on Title 38, § 110, District of Columbia Code. But the court will look to the substance of the allegations of the complaint to determine the scope of the action. Plaintiff's complaint alleged *inter alia* that pursuant to the provisions of the construction subcontract, plaintiff performed all the concrete work (including labor and material) in accordance with the plans and specifications; that for these services there was due and owing

18. Appellant states in its brief: "For purposes of this appeal Russwine is not disputing the Court's order striking its pleadings and entering default against it. . . ."

19. *Cf.* Hartford Acc. & Indem. Co. v. A.B.C. Cleaning Contractors, Inc., 121 U.S.App.D.C. 300, 350 F.2d 430 (1965).