**Kevin MARTIN; Philip Figueroa, Plaintiffs,**

v.

**Thomas A. COUGHLIN, III; Dennis R. Casey, President, Value Added Communication, Inc., Defendants.**

**No. 94–CV–1077.**

United States District Court, N.D. New York.

Aug. 3, 1995.

Kevin Martin, Auburn Correctional Facility, Auburn, NY, plaintiff pro-se.

Philip Figueroa, New York City, plaintiff pro-se.

Dennis C. Vacco, Atty. Gen. for the State of N.Y. Dept. of Law, Albany, NY (Judith I. Ratner, of counsel), for defendant Coughlin.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

Plaintiffs Kevin Martin and Philip Figueroa brought this suit against the above-captioned defendants under title 42 U.S.C. section 1983 alleging violations of their constitutional rights. Plaintiff's motion before the court seeks a Temporary Restraining Order (TRO). Plaintiffs also seek to enjoin the above-captioned defendants from employing a "blocking system" on the inmate "call home" program based on the receiving party's credit history or conditioned upon a One Hundred Dollar ($100.00) deposit. Additionally, the plaintiffs seek to compel discovery and obtain a default judgment against defendant Dennis Casey. Defendant Coughlin has moved to dismiss the complaint as well as for a protective order.

This matter was referred to magistrate judge David N. Hurd pursuant to a standing order dated August 2, 1985. After considering the motions and reviewing the record as a whole, the magistrate judge issued a report-recommendation, dated March 23, 1995, in which he recommended that 1) Plaintiff's motion for a TRO be denied, 2) defendant Coughlin's motion to dismiss be denied, and 3) plaintiff's motion for default judgment be held in abeyance pending the disposition of the complaint. Defendant Coughlin filed objections to the Magistrate's report and recommendation on March 30, 1995. The plaintiff subsequently responded on May 4, 1995.

This matter was referred to the United States District Court for the Northern District of New York on April 20, 1995. The court herein addresses the objections and responses raised by the parties to the magistrate judge's Report–Recommendation [1].

---

1. Plaintiff Kevin Martin has petitioned for a writ of mandamus before the Second Circuit to compel this court to decide and enter judgment on plaintiff's pending motion for default judgment

## I. DISCUSSION

### A. Temporary Restraining Order

■ For the issuance of a temporary restraining order or preliminary injunction, the Second Circuit requires a party to demonstrate: irreparable harm, *and* "either 1) a likelihood of success on the merits of its case or 2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in [ ] favor [of the moving party]." *Waldman Pub. Corp. v. Landoll, Inc.,* 43 F.3d 775 (2d Cir.1994); *Polymer Technology Corp. v. Mimran,* 37 F.3d 74, 77–78 (2d Cir.1994), *quoting, Coca–Cola Co. v. Tropicana Prods. Inc.,* 690 F.2d 312, 314–15 (2d Cir.1982); *Jackson Dairy, Inc. v. H.P. Hood & Sons,* 596 F.2d 70, 72 (2d Cir.1979) (per curiam); *see also, Covino v. Patrissi,* 967 F.2d 73 (2d Cir.1992). The decision to grant a preliminary injunction is within the discretion of the trial judge. *Waldman,* 43 F.3d at 780, *quoting Polymer,* 37 F.3d at 78.

This court concurs with the magistrate's conclusion that Plaintiffs Martin and Figueroa have not demonstrated that they are entitled to any preliminary relief pending trial of this action. Further, there appears no justification in the record before the court that the plaintiffs have or will suffer irreparable injury. Therefore, under the rule in *Waldman,* 43 F.3d at 780 and *Polymer,* 37 F.3d at 77–78, the plaintiffs' motion for a TRO is denied.

### B. Motion for Default Judgment

#### 1. Standard for Default Judgment

■ Rule 55(a) of the Federal Rules of Civil Procedure provides that a clerk may enter a default upon being advised by affidavit that a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *Hodges v. Jones,* 873 F.Supp. 737 (N.D.N.Y.1995); *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90 (2d Cir.1993); *In re Men's Sportswear, Inc.,* 834 F.2d 1134 (2d Cir.1987). After entry of default, the defaulting party may move to set the entry

aside for "good cause" shown pursuant to Fed.R.Civ.P. 55(c). Default judgments, on the other hand, are set aside only in accordance with the more stringent standard contemplated by Rule 60(b). *Id.*

■ As a general rule, defaults are generally not favored, particularly when the case presents issues of fact. It follows then, that doubts are to be resolved in favor of a trial on the merits. *See, Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir.1981); *Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949). *See also, Pena v. Seguros La Comercial, S.A.,* 770 F.2d 811 (9th Cir. 1985) (default judgments are generally not favored; whenever it is reasonably possible, cases should be decided on the merits).

■ With respect to defaults, courts are entitled to enforce compliance with the time limits of the Rules by various means. However, the extreme sanction of a default judgment must remain a weapon of last, and not first, resort. *See, Meehan,* 652 F.2d at 277; *Peterson v. Term Taxi Inc.,* 429 F.2d 888, 890–892 (2d Cir.1970). Defaults are reserved for rare occasions and when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party. *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir.1993). In other words, "good cause" and the criteria of Rule 60(b) should be construed generously. *Id. See also, Davis v. Musler,* 713 F.2d 907, 915 (2d Cir.1983); *Meehan,* 652 F.2d at 277.

#### 2. Application of the Standard

In the instant action, defendant Dennis Casey acknowledged service of the summons and complaint on October 5, 1994, and his answer was due on October 25, 1994. However the court has not received defendant Casey's answer by its due date. The Clerk of the Court entered default against defendant Casey on November 9, 1994. As of the date of this opinion, in fact, the court has not received any other response by defendant Casey. Plaintiffs now move for default judg-

---

and to compel discovery (Dkt. # 29). The court's resolution of this motion should afford plaintiff

all the relief he is entitled to at this time.

ment against Casey pursuant to Fed.R.Civ.P. 55(b)(2).

When an action is brought against several defendants, charging them with joint liability, a question may arise as to the effect of a default by fewer than all defendants. 10 Wright, Miller, & Kane, *Federal Practice and Procedure:* Civil 2d, section 2690, p. 455. As a general rule, when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants. *Frow v. De La Vega,* 15 Wall. (82 U.S.) 552, 21 L.Ed. 60 (1872). *See also, Miele v. Greyling,* 1995 WL 217554, 2 (S.D.N.Y.1995). However, the Second Circuit has held it is "most unlikely that *Frow* retains any force subsequent to the adoption of Rule 54(b). *International Controls Corp. v. Vesco,* 535 F.2d 742, 746 n. 4 (2d Cir.1976). In any event, at most, *Frow* controls situations where the liability of one defendant necessarily depends upon the liability of the others." *Id.* at 746, *quoting Redding & Co. v. Russwine Construction Corp.,* 150 U.S.App.D.C. 93, 463 F.2d 929, 932–33 (1972). *See also, In re Vantage Petroleum Corp.,* 43 B.R. 257, 259–60 (Bkrtcy. 1984). In light of these decisions, the holding in *Frow* has been narrowly construed to prohibit entry of default judgment against one of several defendants (1) where the theory of recovery is one of true joint liability, such that as a matter of law, no one defendant may be liable unless all defendants are liable, or (2) where the nature of the relief demanded is such that, in order to be effective, it must be granted against every defendant. 6 J. Moore, et al., *Moore's Federal Practice,* section 55.06 at 55–49 (2d ed. 1995); *Miele,* 1995 WL 217554 at 2; *Friedman v. Lawrence,* 1991 WL 206308, 2 (S.D.N.Y. 1991). Since the defendants are jointly liable in the instant action, the *Frow* analysis governs.

While the court may be inclined to enter default judgment against defendant Casey for his failure to respond, the specter of inconsistent adjudications between defendant Casey and defendant Coughlin, who has responded in a professional and timely manner, precludes entry of default judgment at this time. Furthermore, plaintiffs have made no showing of prejudice flowing from defendant Casey's default and the court perceives none at this time. From the record and the factual issues contained therein, the court is persuaded that the defendants have an at least meritorious defense to the plaintiff's complaint. Taken together, the foregoing analysis of the above factors leads the court to conclude that the entry of default should be held in abeyance pending disposition of the action as to defendant Coughlin.

### C. Motion to Dismiss

In ruling on a motion to dismiss for failure to state a claim under Fed. R.Civ.P. 12(b)(6), the court must liberally construe all reasonable inferences in the complaint in the light most favorable to the plaintiff. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* — U.S. —, —, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993); *Hill v. City of New York,* 45 F.3d 653, 657 (2d Cir.1995); *Hernandez v. Coughlin,* 18 F.3d 133, 136 (2d Cir.1994). Although a court considering a motion to dismiss for failure to state a claim is limited to the facts stated in the complaint, the complaint includes any written instrument attached to it as an exhibit and any statements or documents incorporated into it by reference. *Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991). As such, a district court's review of a motion to dismiss is conducted *de novo. Paulemon v. Tobin,* 30 F.3d 307 (2d Cir.1994), (quoting *First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763, 765 (2d Cir.1994)).

In reviewing the motion to dismiss, the court should deny the motion [to dismiss] unless it appears to a certainty that a plaintiff can prove no set of facts entitling him to relief. *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1052 (2d Cir.1993) (*quoting Ryder Energy Distr. Corp. v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984)). *See also, Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991) (a complaint may be dismissed only if "it appears beyond a doubt that the plaintiff can prove no set of

**44**

facts in support of his claim which would entitle him to relief).

 As in the instant action, where civil rights violations are at issue and the plaintiff is *pro se,* the court must be vigilant in applying the standard. *Hernandez,* 18 F.3d at 136; *accord, Branum,* 927 F.2d at 705 (2d Cir.1991) (Rule 12(b)(6) standards "applied with particular strictness" in civil rights actions). *See also, Easton v. Sundram,* 947 F.2d 1011, 1015 (2d Cir.1991) (amended complaint may not be dismissed if plaintiff can prove any set of facts that would entitle her to relief).

Viewing the record as a whole, the court concurs with the magistrate judge that defendant Coughlin's motion to dismiss be denied. The magistrate judge's reasoning detailing his conclusion is well supported in the record. (Report & Rec., pages 5–8). Since the motion to dismiss under Rule 12(b)(6) is as dispositive as a motion for summary judgement under Rule 56, and since this *pro se* plaintiff has alleged violations of his civil rights, the Court must exercise caution in rendering a decision on this motion in the early stages of this litigation. Because the Court cannot say that there is no set of facts which plaintiff could prove that would entitle him to relief, defendant Coughlin's motion cannot be granted at this time.

## II. CONCLUSION

In light of the foregoing reasons, then, plaintiffs' motion for a Temporary Restraining Order is DENIED. Likewise, defendant Coughlin's motion to dismiss the complaint under Rule 12(b)(6) is DENIED and his motion for a protective order is DENIED. Plaintiffs' motion to compel the production of documents is GRANTED. Finally, plaintiff's motion for default judgment is HEREBY ORDERED in abeyance pending disposition of the complaint.

**IT IS SO ORDERED.**