## Jungbert v. Marret et al.

**June 20, 1950.**

Lawrence F. Speckman, Judge.

Albert F. Reutlinger for appellant.

Niles & Will, and Allen Schmitt, for appellees.

MORRIS, COMMISSIONER—Affirming.

Appeal is from a judgment discharging appellees from surety liability on a mechanics' bond, executed under the provisions of KRS 376.100. On February 14, 1947, the appellant undertook to establish a mechanic's lien to the extent of $1,298.97 against certain real property in Louisville. In March 1948, in order to carry out a contemplated sale of the property, it was agreed that a bond should be executed releasing the lien. This was done by the owner of the property with appellees Marret and Schmitt as sureties.

The bond described the property and stated that no judgment had been entered sustaining or enforcing the lien; that the owner, Dawkins, desired to execute bond according to Sec. 2478, Kentucky Statutes, now KRS 376.100, and that the principal and the two appellees as sureties bound themselves "in the sum of $2,-596.66, the condition of this obligation is such that the obligors will satisfy any judgment that may be rendered in favor of said Edward Jungbert by reason of said labor or material furnished in erecting improvements on the above described property."

In July 1947, Jungbert filed suit seeking to establish his mechanic's lien. In March 1949 a personal judgment was entered against Dawkins for the debt, but in that suit the court found that the lien was defective and of no effect. Jungbert objected to the dissolution of the lien and prayed an appeal, which has not yet been prosecuted.

When Jungbert attempted to enforce his personal judgment against Dawkins by execution it was returned "no property found." The appellees then brought this suit, asking that Jungbert be enjoined from asserting any claim against them, on the ground that since the lien had been discharged and the bond only replaced the real property as security for the payment of the debt, they were released from obligation.

In answer and counterclaim the defendant plead his personal judgment, and the fact that it had not been satisfied, and claimed that by the terms of the bond the appellees were obligated to satisfy that judgment.

The case was submitted on pleadings and exhibits and the chancellor held that the bond in question "was conditioned upon the said Edward Jungbert successfully establishing a lien on the property against which he claimed said lien, and such bond acted solely as a substitute for such property; (2) that upon the failure of * * * Edward Jungbert to establish a valid mechanic's * * * lien, the bond is ineffective * * *; (3) that the bond does not secure a personal judgment against C. O. Dawkins; (4) that the property pledged on said bond * * * is not bound, and (5) that the defendant * * * is restrained from further asserting claims against plaintiffs by reason of said bond."

The question presented for decision is: Does the finding that a mechanic's lien was invalid release the sureties on a bond given to discharge that lien? The question here presented is a novel one in this jurisdiction and involves a construction of KRS 376.100, which states:

"Release of lien by execution of bond. The owner or claimant of property against which a lien has been asserted may, at any time before a judgment is rendered enforcing the lien, execute before the clerk of the county court in which the lien was filed a bond for double the amount of the lien claimed with good sureties to be approved by the clerk, conditioned upon the obligors satisfying any judgment that may be rendered in favor of the person asserting the lien. The bond shall be preserved by the clerk, and upon its execution the lien upon the property shall be discharged. The person asserting the lien may make the obligors in the bond parties to any action to enforce his claim, and any judgment re-

covered may be against all or any of the obligors on the bond.''

In construing a statute, susceptible of more than one construction, the court will adopt that which will give effect to the legislative intent so as to preserve the object and purpose of the legislature in enacting the statute under consideration. Monmouth St. Merchants' Bus Ass'n v. Ryan, 247 Ky. 162, 56 S.W.2d 963; Neutzel v. Will, 210 Ky. 453, 276 S.W. 137. It seems to us that, in enacting this particular statute, the legislature intended to provide a method only of freeing the property of the lien in order that the owner might make disposition of the property, and that the obligation of the bond should not extend beyond the obligation of the lien for which it was substituted.

Had there been no bond involved and had the mechanic's lien failed, the appellant would have had no lien rights against the property. Since the bond is a mere substitute for the lien property, the appellant can have no greater rights because of the bond than he would have had against the property. The prerequisite for the effectiveness of the bond is the existence of a valid lien on the property.

To sustain the appellant's contention that the bond is valid though the lien is invalid, we would have to hold that the statute gives an additional remedy to the materialman when a bond is executed to discharge the lien. Such a construction is not consonant with the general purpose of the lien statute. The purpose of the mechanic's lien statutes is to *protect* a mechanic or a materialman to the extent of the value of improvements which he makes on property, and the statutes will be liberally construed to attain that purpose. Avery & Sons v. Woodruff & Cahill, 144 Ky. 227, 137 S.W. 1088, 36 L.R.A., N.S., 866. Certain procedures are set out in these statutes by which the mechanic or materialman may perfect his lien, and thus protect himself. When he fails to follow these procedures he loses the added protection provided by the statute. The appellant would have us extend the operation of the statute so that it would not only *protect* the mechanic, but would, in case a bond was given to discharge a lien, *insure* the validity of the lien and thus insure the mechanic. We are convinced that the legislature did not intend this effect.

Were we to reach this result, we would not be construing the statute liberally; we would be rewriting it.

The bond recites that it is given in accordance with statutory provisions and it incorporates the provisions of the statute, and since the statute requires the existence of a valid lien before the obligation of the bond becomes effective, the bond also must be said to contain the same requirement.

In reaching our conclusion we have considered decisions of sister states interpreting statutes of similar import. The courts of New York and Michigan have construed in a number of cases their mechanics' lien statutes. The New York statute provides for the discharge of a mechanic's lien by the execution of a bond which shall be conditioned for the payment of any judgment which may be recovered in any action brought for the enforcement of any and all claims arising out of labor performed or materials furnished. The wording of both that statute and the Michigan statute is similar to our own.

The New York courts have decided that there is no liability on such a bond, where the lienor fails to establish a valid lien, even though the bond is conditioned to pay any judgment rendered against the property or to pay any judgment recovered in an action to enforce the lien. Sexauer & Lemke v. Luke A. Burke & Sons Co., 228 N.Y. 341, 127 N.E. 329; Yonkers Builders Supply Co. v. Petro Luciano & Son, 269 N.Y. 171, 199 N.E. 45, 102 A.L.R. 759; Parsons v. Moses, 40 App. Div. 58, 57 N.Y.S. 727. See also, In re J. M. Diver Lumber Co., 243 Mich. 175, 219 N.W. 692, 220 N.W. 717.

The appellant contends that the court in the earlier case was without power to consider the question of the validity of the mechanic's lien, his position being that execution of a bond discharges the lien, and the lien, no longer being in existence, can be neither valid nor invalid. However, the validity of the bond, as a substitute for the lien must be determined by the validity or invalidity of the lien. For that reason, then, the court in the earlier case necessarily had jurisdiction to determine that question.

The judgment of the lower court was correct and is therefore affirmed.