Patricia Ward MARTIN, Appellant,

v.

CORRECTIONS CABINET OF COM-
MONWEALTH and Personnel Board of
Commonwealth, Appellees.

No. 91–SC–36–DG.

Supreme Court of Kentucky.

Dec. 19, 1991.

Rehearing Denied March 12, 1992.

Phillip J. Shepherd, Shepherd & Childers, Frankfort, for appellant.

Barbara W. Jones, General Counsel, Corrections Cabinet, Steven G. Bolton, Personnel Bd., Frankfort, for appellees.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which held that an unclassified state employee has no appeal from a dismissal based on alleged political discrimination.

The issue is whether an unclassified or nonmerit employee who is terminated for political reasons has a right to appeal the dismissal to the State Personnel Board pursuant to K.R.S. 18A.095(9) and 18A.095(14)(a).

The Personnel Board dismissed the appeal and held that Martin was not protected from political discrimination by the statutes because she was an unclassified employee who was discharged without cause. The circuit court reversed noting that she was discharged for refusing to allow political discrimination in the classified service which is prohibited by statute and ordering

the Board to make findings concerning the applicability of K.R.S. 18A.095(14). The Court of Appeals reversed the circuit court holding that an unclassified employee had no appeal to the Personnel Board based on political discrimination.

Prior to her discharge, Martin served as Warden of the Frankfort Career Development Center, a minimum security prison located in Frankfort. She claims that she was discharged for her attempt to discipline a politically influential classified employee under her supervision and because of newspaper articles written by her father which were critical of the state administration.

Martin alleges that she wrote and delivered a letter of suspension to the classified employee informing her that an investigation into allegations of misconduct was being undertaken, that the employee under investigation immediately telephoned the Governor's office in her presence. That office allegedly advised Martin on the phone to "leave the woman alone." The next day, when Martin arrived for work, she found another employee occupying her office and was informed that she had been dismissed from her position. Subsequently, a letter was received from the Secretary of the Corrections Cabinet informing her that her services in the unclassified service were no longer needed. Martin appealed to the Personnel Board claiming a right to a hearing pursuant to K.R.S. 18A.095(9) which permits an unclassified employee dismissed "for cause" to file an appeal and K.R.S. 18A.095(14)(a) which provides an appeal for any employee who believes that he or she has been discriminated against. The Board dismissed Martin's appeal holding that she was not dismissed for "cause," that she had no appeal pursuant to statute, and that K.R.S. 18A.095(14)(a) did not apply to political discrimination but only to discrimination due to race, color, religion, national origin, sex, handicap or age to which reference was made in the preceding subsection (12). The Franklin Circuit Court reversed the decision of the Personnel Board but the Court of Appeals overturned the circuit court decision and held that to

give subsection 14(a) the broad interpretation sought by Martin would effectively eliminate the primary distinction between classified and unclassified employees.

■■■ Any state employee, including an unclassified or nonmerit employee has a right to appeal to the State Personnel Board pursuant to K.R.S. 18A.095(9). The statute provides:

Any unclassified employee who is dismissed, demoted, suspended or otherwise penalized for cause may, within 30 days after such dismissal, demotion, suspension or other form of penalization, appeal to the board for review thereof.

The statutory system requires that an unclassified employee who does appeal to the Personnel Board must allege the illegal cause for the dismissal. If the employer has discharged such an employee without revealing the basis for its action, the employee retains the right of appeal to the Board but is required to plead and prove an illegal cause for the termination. The appointing authority cannot defeat the right of appeal by an unclassified employee by refusing to disclose the grounds on which the action was taken.

K.R.S. 18A.095(18)(c) provides:

The board may deny a hearing to an employee who has failed to file an appeal within the time prescribed by this section; and to an unclassified employee who has failed to state the cause for which he has been dismissed....

There are only two circumstances in which the Board can dismiss an appeal without an evidentiary hearing. They are if the appeal is not filed within 30 days or if an unclassified employee fails to state the cause for termination. Here Martin filed a timely appeal and she alleged the cause for her dismissal. She is entitled to an evidentiary hearing to prove that she was terminated for an illegal reason.

■■■ Reliance by the appellees on subsection 12 is misplaced because it provides that "nothing herein shall be construed to preclude any classified employee from filing with the Kentucky Commission on Human Rights...." Subsection 12 is limited to classified employees and specifically enumerated forms of discrimination. Section 14(a) applies to all employees as well as to applicants for employment and it provides for appeals to the Board by anyone "who believes he has been discriminated against." Subsection 14 is broader than § 12 and permits appeals of all forms of illegal discrimination. This appeal is in regard to a discharge in retaliation for refusal to violate the prohibitions of K.R.S. 18A.140 against political favoritism. An unclassified employee is a political employee, not a merit employee, and may be discharged for any reason, including a bad reason, no reason or for political reasons so long as there is no statutory authority for a protest. K.R.S. 18A.140 specifically prohibits political favoritism in the classified service and Martin could be found to be correct in her decision to investigate the apparent violation of the statute. K.R.S. 18A.095(23)(a) refers in part to "political opinions" and grants relief if the appointing authority is found to have taken action "in violation of laws prohibiting favor for, or discrimination against, or bias with respect to" political opinions. Martin's claim may qualify for relief under this subsection.

The Court of Appeals improperly interpreted the rules of statutory construction and reached a result which is actually in conflict with the plain meaning of the statute in question. *Bourbon County Board of Education v. Darnaby*, 314 Ky. 419, 235 S.W.2d 66 (1950) provides a definition of "cause," to the effect that a cause relating to, and affecting, the administration of the office, must be restricted to something of a substantial nature directly affecting the rights and interests of the public. The situation here meets this type of test. Martin claims she was discharged for refusing to allow a politically connected classified employee to use her political influence on other classified employees, to interfere with the proper administration of the prison and to avoid discharging her job duties as required by the prison administration.

The Court of Appeals correctly cites the rule of statutory interpretation that a statute susceptible to more than one construction results in the courts adopting that interpretation which will give effect to the legislative intent so as to preserve the object and purpose of the legislation. *Jungbert v. Marret,* 313 Ky. 338, 231 S.W.2d 84 (1950). However, the Court of Appeals erred when it concluded in this case that the purpose of the statute was to perpetuate a distinction between classified and unclassified employees.

One does not need to be a classified employee to apply or enforce the statute enacted by the General Assembly in regard to the merit law. The general purpose of Chapter 18 was to establish for the state system of personnel an administration based on merit principles. Martin's claimed conduct in refusing to permit the political interference in the administration of the classified services is specifically the kind of action which the merit law was enacted to protect. The entire purpose of the merit law was to establish civil service based solely on merit and fitness in which political influence was eliminated to the greatest possible extent. The more appropriate rule of statutory construction in this case is the rule that "The Courts will consider the purpose which the statute is intended to accomplish, and the reason and spirit of the statute, and the mischief intended to be remedied." *City of Louisville v. Helman,* Ky., 253 S.W.2d 598 (1952). Here, the problem which the statute was intended to remedy was political interference in the classified civil service. Anyone, not only a classified employee, can be required to apply and enforce this statutory regulation. The purpose of the law would be seriously undermined by prohibiting appeals by unclassified or nonmerit supervisors who have alleged discharge and retaliation for enforcing or applying the prohibition against political interference of any kind.

The decision of the Court of Appeals was limited to a narrow distinction between unclassified and classified employees. It is beyond question that the rights of an unclassified employee are considerably less than those of classified or merit employees.

It is the holding of this Court that this employee, although unclassified, if discharged in retaliation for enforcing the legal prohibitions against political favoritism as contained in the merit law has a right to appeal to the Personnel Board in order to prove the reasons for the discharge.

The decision of the Court of Appeals is reversed and the judgment of the circuit court which remanded this action to the Personnel Board for hearing on the merits is reinstated.

All concur, except REYNOLDS, J., who dissents by separate opinion.

REYNOLDS, Justice, dissenting.

I respectfully dissent.

The appellant, at the time of her discharge, was serving as warden (an unclassified position) of a minimum security prison, when she received a letter from the Secretary of the Corrections Cabinet informing her that she was being dismissed. The pertinent part of the letter stated:

> I would like to express my appreciation to you for your past years of service to the Corrections Cabinet in the unclassified service. It is necessary, however, to advise you that your services will no longer be needed in the unclassified service as Warden of the Frankfort Career Development Center effective close of business March 7, 1988.

The dismissal letter terminating her services stated no cause although Martin subsequently alleged that she was dismissed for refusing to give favorable treatment to a politically situated merit employee and, secondly, because her father had written critical newspaper editorials. She appealed her dismissal to the Personnel Board claiming a right to appeal and a right to a hearing under KRS 18A.095(9) and KRS 18A.095(14)(a). The former statute provides that "an unclassified employee who is dismissed ... *for cause* may ... appeal to the Board for review thereof." The Board dismissed Martin's appeal and found that she was not dismissed *for cause* and that

her allegation of cause (not the employer's) was based upon political discrimination which is not encompassed by KRS 18A.095(14)(a). The type of discrimination enumerated by the statute is that of race, color, religion, national origin, sex, handicap or age.

Use of the word "cause" in a statute ordinarily means legal cause. *See Bourbon County Board of Education v. Darnaby*, Ky., 235 S.W.2d 66 (1950); *Commonwealth, Transportation Cabinet v. Woodall*, Ky., 735 S.W.2d 335 (1987). Under the statute, KRS 18A.095, an unclassified employee is dismissed "for cause" if there are reasons constituting legal cause for the dismissal which has been communicated by the employer to the employee. In this circumstance, the employee has the opportunity to seek an evidentiary hearing to challenge the employer's stated allegation. To determine otherwise permits an unclassified employee an evidentiary hearing for whatever will-o'-the-wisp allegation of cause that may be fancifully asserted regardless of whether there was any legal cause for the dismissal. A correct interpretation of "cause" is further set out in *Bell v. McCreary Co.*, Ky., 450 S.W.2d 229 (1970).

The majority opinion is a masterful exercise. It not only correctly reasserts the purpose of the merit system, but envelops unclassified employees by determining and furnishing rights that the legislature did not envision.

The Court of Appeals was correct by noting that the statute set forth a distinction between classified and unclassified employees. While the general purpose of Chapter 18A establishes for the state system personnel an administration based on merit principles and, which is clearly expressed in the majority opinion, it also clearly establishes by KRS 18A.115 the employment which is exempted from classified service, which includes: "(a) The general assembly and employes of the general assembly including the employes of the legislative research commission; ... (c) Members of boards and commissions; (d) Officers and employes on the staff of the governor, the lieutenant governor ...; (e) Cabinet secretaries ...; ."

Political realities should, at a minimum, afford an administration, new or old, an opportunity to appoint persons in tune with current political philosophies. Political considerations have always weighed heavily in personnel appointments. *Goss v. Personnel Board*, Ky., 456 S.W.2d 822 (1970) (reversed on other grounds).

While the statute may be susceptible to more than one construction, there is no conflict when one gives deference to the conclusion that the purpose of the statute was to perpetuate a distinction between classified and unclassified employees. *See, Jungbert v. Marret*, 313 Ky. 338, 231 S.W.2d 84 (1950).

I would affirm the opinion of the Court of Appeals.