Mary T. BENNETT, Appellant,

v.

Randall Lee JONES (PVA), Appellee.

No. 92–CA–000586–MR.

Court of Appeals of Kentucky.

April 16, 1993.

Francis L. Holbert, Elizabethtown, for appellant.

Dwight Preston, Elizabethtown, for appellee.

Before HUDDLESTON, McDONALD and SCHRODER, JJ.

SCHRODER, Judge:

The appellant was Chief Deputy PVA in Hardin County who was fired by the Property Valuation Administrator ("PVA"). Appellant appealed her discharge to the circuit court which gave a summary judgment to the PVA, finding the appellant to be an at-will employee. Appellant appeals, alleging an exception to the at-will doctrine.

In her complaint, the appellant alleged that she was fired for two reasons: she had obtained a divorce; and she had expressed an interest in running for the PVA position. By agreed order, the parties briefed the issues and submitted the case to the circuit court on a motion to dismiss. After considering matters outside the pleadings, the court considered summary judgment on the issue of whether either cause would fall into an exception to the at-will doctrine. The circuit court granted summary judgment in favor of the PVA which, in effect, held that even if the PVA fired the appellant for either getting a divorce or for expressing an intention of running for the PVA position, the appellant was an at-will employee, and neither alleged reason for her being fired would qualify as an exception to the at-will doctrine.

On appeal, appellant alleges two errors: the court's granting summary judgment when a mere motion to dismiss was requested; and the court's failing to recognize that public policy should create an exception to an at-will contract where an employee is fired for either obtaining a divorce or for running against her immediate supervisor, an elected official.

■ The alleged procedural error can be summarily discounted as the parties signed an agreed order *after* the request for a motion to dismiss was filed. After the motion to dismiss was filed, the parties agreed to brief the issues and submit the case. By agreement, the matter was being converted into something other than what was originally requested. The circuit judge, noting that the case was considering matters outside the pleadings, properly reclassified the matter as a summary judgment. CR 12.03 and *see Ferguson v. Oates*, Ky., 314 S.W.2d 518 (1958).

■ The real issue is whether or not the obtaining of a divorce or the filing to run against the PVA by a deputy PVA would create an exception to the terminable at-will doctrine. Under KRS 139.590(8), a deputy PVA serves at the pleasure and discretion of the Property Valuation Administrator (an at-will position). Under *Martin v. Corrections Cabinet of Commonwealth*, Ky., 822 S.W.2d 858, 860 (1991), our Supreme Court has said that "An unclassified employee is a political employee, not a merit employee, and may be discharged for any reason, including a bad reason, no reason or *for political reasons....*" (Emphasis ours). The Court on page 861 discusses the differences between merit employees and non-merit (includes terminable at-will) employees and finds that "The entire purpose of the merit law was to establish civil service based solely on merit and fitness in which political influence was eliminated to the greatest possible extent."

Without citing specific authority, the appellant alleges that since she has a right to seek a divorce and a right to seek public office, she has a corresponding right to not be fired. Appellant is attempting a quantum leap to some unspecified exception to the terminable at-will doctrine. True, our Supreme Court recognized exceptions to the terminable at-will doctrine in the case of *Firestone Textile Co. Div. v. Meadows*, Ky., 666 S.W.2d 730 (1983). However in *Firestone, supra*, the Court held exceptions are created where the discharge is contrary to public policy (as evidenced by existing constitutional or statutory provisions). The employee has the burden of showing that exception.

In *Scroghan v. Kraftco Corp.*, Ky.App., 551 S.W.2d 811 (1977), an employee, who has a right to attend law school if he was accepted, etc., was terminated for announcing his intent to attend law school. Even though he had the right to attend, the

Court held that there was no exception and no cause of action. The United States Supreme Court has on numerous occasions recognized exceptions to the terminable at-will doctrine, such as where an employee was fired or not promoted for belonging to a particular political party, *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) and *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), and even for not being hired because of political affiliation, *Rutan v. Republican Party of Illinois*, 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990), basing such exceptions on impermissible infringements on public employees' First and Fourteenth Amendment rights. In the case sub judice, the appellant does not argue the above line of cases, or point to a specific constitutional or statutory provision, nor to any public policy that should prohibit her discharge. She may make a case for classifying her position, but that is a matter for the General Assembly, not the courts.

For the foregoing reasons, the judgment of the Hardin Circuit Court is affirmed.

HUDDLESTON, J., concurs.

McDONALD, J., dissents by separate opinion.

McDONALD, Judge, dissenting.

I disagree with the majority's discussion and affirmance of the trial court's summary dismissal of Bennett's claim. First, while *Martin v. Corrections Cabinet of Commonwealth, supra,* does point out that unclassified state employees have "considerably less" protections than merit employees, the case clearly holds that even nonmerit employees cannot be terminated for certain "illegal reasons," such as exercising their constitutional rights. I am also curious about the majority's discussion of *Scroghan v. Kraftco Corp.* In that case the discharged employee had been working for a *private* employer. It is settled, I believe, that a public employee cannot be terminated for exercising one's constitutionally protected rights, regardless of his or her property interest in the employment. The majority cites *Rutan v. Republican Party of Illinois*, which states:

"For at least a quarter-century, this Court has made clear that even though a person has no 'right' to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, *there are some reasons upon which the government may not rely. It may not deny a benefit to a person on a basis that infringes his constitutionally protected interests—especially, his interest in freedom of speech.* For if the government could deny a benefit to a person because of his constitutionally protected speech or associations, his exercise of those freedoms would in effect be penalized and inhibited.... Such interference with constitutional rights is impermissible." (Emphasis not added; citations omitted).

497 U.S. at 72, 110 S.Ct. at 2736, 111 L.Ed.2d at 65.

Clearly the majority is aware of the impact of *Rutan, Elrod v. Burns,* and *Branti v. Finkel, supra,* on a public employer's attempt to infringe on the First Amendment rights of public employees, but refuses to apply them to this case for the reason that Bennett did not "point to a specific constitutional or statutory provision...." While the First Amendment may not have been mentioned in her pleadings, Bennett asserted she was fired because she obtained a divorce and voiced interest in running for a government office. A law degree is not required to realize Bennett's allegations concern violation of her First Amendment rights of freedom of association and free speech. The summary dismissal of this matter is erroneous as a matter of law and should be reversed for a hearing on the merits.