**GIL RUEHL MECHANICAL, INC., Appellant,**

v.

**HARTFORD FIRE INSURANCE COMPANY, Appellee.**

No. 2003–CA–001250–MR.

Court of Appeals of Kentucky.

Dec. 17, 2004.

Steven C. Coffaro, E. Todd Wilkowski, Keating, Muething & Klekamp, P.L.L., Cincinnati, OH, for Appellant.

Michael A. Duncan, Molly E. McEvoy, Ziegler & Schneider, P.S.C., Covington, KY, for Appellee.

Before JOHNSON, TAYLOR, and VANMETER, Judges.

*OPINION*

TAYLOR, Judge.

Gil Ruehl Mechanical, Inc. (Gil) brings this appeal from a June 10, 2003, Order of the Campbell Circuit Court, dismissing its complaint to recover against the surety of a mechanic's lien release bond. We affirm.

In 2001, Gil was a plumbing subcontractor involved in the construction of Joe's Crab Shack (Joe's) in Bellevue, Kentucky. Gil alleged the general contractor, AGB Capital Properties, Inc., failed to pay it for services performed in the construction of Joe's. As a result, Gil filed two "liens" on March 11, 2002. Landry's Seafood House–Bellevue, Inc., the operator of Joe's, secured a mechanic's lien release bond from Hartford Fire Insurance Company (Hartford). The bond specifically provided that it was executed pursuant to Kentucky Revised Statutes (KRS) 376.100.

On March 12, 2003, Gil filed an action against, *inter alios*, Hartford asserting a claim for "Foreclosure on Bond in Lieu of Mechanic's Liens." Hartford filed a motion to dismiss under Ky. R. Civ. P. (CR) 12 based upon expiration of the statute of limitations. Hartford argued the applicable statute of limitations for an action against a surety on a mechanic's lien re-

lease bond was found in KRS 376.090.[1] Hartford pointed out that KRS 376.090 provides the limitation period for an action to enforce a mechanic's lien. Thus, Hartford argued that KRS 376.090 is also the limitation period for an action against a surety upon a mechanic's lien release bond. Under KRS 376.090, an action to enforce a mechanic's lien must be filed within twelve months of filing the lien. Hartford pointed out that the liens were filed March 11, 2002, and the action was filed March 12, 2003, one day outside the limitation period. Thus, Hartford claimed that KRS 376.090 barred Gil's action upon the release bond.

Gil countered that KRS 413.220 represented the proper statute of limitation.[2] Under KRS 413.220, an action against a surety upon a bond must be brought within seven years of filing the bond. As the mechanic's liens were discharged upon filing the bond, Gil argued that KRS 413.220 was the applicable statute of limitations and that its action was timely filed.

The circuit court agreed with Hartford that KRS 376.090 was the proper statute of limitations and that Gil's action to en-

force the mechanic's lien release bond was untimely filed. By order entered June 10, 2003, the circuit court dismissed Gil's action to enforce its claim against Hartford as surety on the release bond. This appeal follows.

Upon review of a motion to dismiss under CR 12, all factual allegations contained in the complaint must be admitted as true and there must exist no set of facts upon which recovery could be had. The facts relevant to this appeal are materially undisputed. We are called upon to decide a single legal issue—whether KRS 413.220 or KRS 376.090 is the proper statute of limitations for an action to recover against the surety upon a mechanic's lien release bond. For the reasons hereafter stated, we hold that KRS 376.090 provides the proper limitation period for an action to recover against the surety of a mechanic's lien release bond.

To determine the applicable statute of limitations for an action to enforce a mechanic's lien release bond, our analysis must begin with the only case in this Commonwealth interpreting our release bond statute, KRS 376.100.[3] In *Jungbert v.*

---

1. Kentucky Revised Statutes (KRS) 376.090 reads, in part, as follows:

   (1) Any lien provided for in KRS 376.010 shall be deemed dissolved unless an action is brought to enforce the lien within twelve (12) months from the day of filing the statement in the clerk's office, as required by KRS 376.080....

   (2) Any lien provided for in KRS 376.010 shall, if the lienholder complies with the requirements of KRS 376.080 and subsection (1) of this section, and does so within the time therein fixed, be valid and effectual against any creditor of, or bona fide or other purchaser from, the owner of the property.

2. KRS 413.220 reads as follows:

   (1) A surety shall be discharged from all liability under any judgment or decree, after the lapse of seven (7) years without the

issue of execution and prosecution in good faith for collection.

(2) A surety in any bond given in the course of any judicial proceeding shall be discharged from all liability on it unless suit is brought on it within seven (7) years after the cause of action accrues.

(3) A surety in any obligation or contract, other than those provided for in KRS 413.230, shall be discharged from all liability on it unless suit is brought on it within seven (7) years after the cause of action accrues.

3. KRS 376.100 provides:

   "The owner or claimant of property against which a lien has been asserted, or any other person contracting with the owner or claimant of such property for the furnishing of any improvements or services for which a lien is created by this chapter, may, at any

*Marret,* 313 Ky. 338, 231 S.W.2d 84 (1950), the Court was faced with the question of whether an invalid mechanic's lien operated to extinguish liability upon a mechanic's lien release bond. The Court answered in the affirmative by interpreting KRS 376.100 as creating a bond that is a "mere substitute for the lien property." *Id.* at 85. The Court explained that in enacting KRS 376.100, the General Assembly's intent was:

> [T]o provide a method only of freeing the property of the lien in order that the owner might make disposition of the property, and that the obligation of the bond should not extend beyond the obligation of the lien for which it was substituted.

*Jungbert,* 231 S.W.2d at 85. In accordance with this intent, the Court concluded that "[t]he prerequisite for the effectiveness of the bond is the existence of a valid lien on the property." *Id.*

In essence, the Court adopted a view that the release bond merely transfers the mechanic's lien from the real property to the bond. *See* Gerald B. Treacy, *Comment, The Release Bond Statutes: Achieving Balance in the Mechanics' Lien Laws,* 28 UCLA L.Rev. 95 (1980). Under such view, the statutory mandates necessary to establish a valid mechanic's lien must be satisfied in order to recover against the surety upon the release bond. 53 Am. Jur.2d *Mechanics' Liens* § 314 (1996).

KRS 376.090 codifies the statute of limitations applicable to an action to enforce a mechanic's lien. While most statutes of

limitations are procedural in nature, an exception is recognized:

> [W]here a statute gives a right of action, or creates a liability, which did not exist at common law, and makes limitation of time an essential element of the cause of action, in which case the running of the limitation period will not only bar the remedy, but also the right conferred....

54 C.J.S. *Limitations of Actions* § 11 (1987)(footnotes omitted). In such circumstances, the statute of limitations is regarded as a substantive restriction upon a statutorily created right.

It is well known that a mechanic's lien is a creature of statutory law and did not exist at common law. Additionally, KRS 376.090, the mechanic's lien statute of limitations, specifically provides that the lien "shall be deemed **dissolved** unless an action is brought to enforce the lien within twelve (12) months from the day of filing the statement...." (Emphasis added). Thus, under its plain terms, KRS 376.090 does not merely preclude a claim upon the mechanic's lien; rather, it dissolves the lien. It has been observed that "[a] statute that invalidates the mechanic's lien, rather than simply precluding a claim on it, is not a traditional statute of limitations, but a substantive restriction on the lien...." 53 Am.Jur.2d *Mechanics' Liens* § 354 (1996). As KRS 376.090 dissolves the mechanic's lien, its limitation period should be regarded as a substantive rather than a procedural restriction.

Accordingly, we hold the twelve-month limitation period set out in KRS 376.090

time before a judgment is rendered enforcing the lien, execute before the county clerk in which the lien was filed a bond for double the amount of the lien claimed with good sureties to be approved by the clerk, conditioned upon the obligors satisfying any judgment that may be rendered in favor of the person asserting the lien. The bond

shall be preserved by the clerk, and upon its execution the lien upon the property shall be discharged. The person asserting the lien may make the obligors in the bond parties to any action to enforce his claim, and any judgment recovered may be against all or any of the obligors on the bond."

extinguishes not only the right to enforce the mechanic's lien but extinguishes the lien itself. Simply stated, we view KRS 376.090 as representing a substantive restriction upon and an essential element of a valid mechanic's lien.

In accordance with *Jungbert,* 313 KY. 338, 231 S.W.2d 84, the statutory mandates necessary to establish a valid mechanic's lien must be satisfied in order to recover upon the release bond. As artfully stated therein, "[t]he prerequisite for the effectiveness of the bond is the existence of a valid lien on the property." *Id.* at 85. As KRS 376.090 represents a substantive restriction upon a mechanic's lien, we now recognize that its limitation period must be complied with in order to recover upon a mechanic's lien release bond. As such, KRS 376.090 is the proper statute of limitations in an action to recover against the surety of a mechanic's lien release bond under KRS 376.100.[4]

As Gil's action to recover against Hartford was filed one day after the limitation period of KRS 376.090 expired, we conclude the circuit court properly dismissed Gil's action to recover upon the mechanic's lien release bond.

For the foregoing reasons, the Order of the Campbell Circuit Court is affirmed.

ALL CONCUR.

Q.C., Appellant,

v.

**4.** Gil effectively asks this Court to interpret KRS 376.100 in such a manner so as to extend the obligation of the bond beyond the obligation of the lien for which it was substituted. This argument was specifically rejected in *Jungbert v. Marret,* 313 Ky. 338, 231 S.W.2d 84 (1950). In other words, Gil seeks to extend the statute to "insure" the validity of the lien which the legislature did not intend. *Id.* at 85. Notwithstanding Gil's argument for a liberal construction of the statute, we are not at liberty to rewrite the statute contrary to legislative intent.